IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-40784-TLS |
| | ) | |
| HEIDI LEE HOFFMAN, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

      Hearing was held in Lincoln, Nebraska, on June 19, 2008, on Debtor's Motion to Avoid Lien of Harvard State Bank (Fil. #10), and an Objection by Harvard State Bank (Fil. #12). Jerry J. Milner appeared for Debtor, and Douglas D. DeLair appeared for Harvard State Bank.

      Debtor obtained two separate loans from Harvard State Bank. One loan was obtained in 2005 in the amount of $6,400.00, and the second in October 2007 in the amount of $4,000.00. As security for the debt, Debtor executed a security agreement granting to Harvard State Bank a security interest in and to a 2001 Jeep Grand Cherokee Laredo owned by Debtor. The present amount due to Harvard State Bank is approximately $10,400.00. Debtor seeks to avoid Harvard State Bank's lien pursuant to 11 U.S.C. § 522(f)(1) as a nonpossessory, nonpurchase-money security interest in personal property that impairs exemptions to which Debtor is entitled.

      Debtor asserts that she is entitled to claim an exemption in the Jeep in the amount of $2,400.00 pursuant to Neb. Rev. Stat. § 25-1556(4). Debtor further claims she is entitled to the "wild-card" exemption in the amount of $2,500.00 pursuant to Neb. Rev. Stat. § 25-1552.

      11 U.S.C. § 522(f)(1)(B) allows a debtor to avoid a lien against a debtor's property only to the extent that the lien is a nonpossessory, nonpurchase-money security interest that impairs an exemption in certain specified personal property. "Tools of the trade" are included in that list of personal property. 11 U.S.C. § 522(f)(1)(B)(ii). The tools of the trade exemption is limited to $2,400.00 pursuant to Neb. Rev. Stat. § 25-1556(4). Accordingly, Debtor may avoid the lien to the extent of the tools of the trade exemption in the amount of $2,400.00.

      As far as avoidance of Harvard State Bank's lien to the extent of the wild-card exemption, there is no other personal property listed in § 522(f)(1)(B) which would be applicable to this vehicle. Thus, Debtor is not entitled to avoid the lien to the extent of the wild-card exemption since it does not impair that exemption.

      Finally, the parties indicated a dispute with respect to the value of the Jeep. Debtor submitted her own affidavit (Fil. #21) with a handwritten appraisal (Fil. #23), and asserted a value of $3,000.00. Harvard State Bank submitted an affidavit (Fil. #31) indicating the NADA retail value of the Jeep is $8,825.00, less amounts for necessary repairs and adjustments for mileage, resulting in a retail value for this specific vehicle in the amount of $6,485.00. It appears that Debtor and her appraiser used a "wholesale" or "trade-in" value as opposed to retail value. After the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the value of personal

property securing an allowed claim shall be based on the replacement value of the property as of the date of filing the petition, which means the price a retail merchant would charge for the property of that kind and condition.  11 U.S.C. § 506(a)(2).  Therefore, I find that the value asserted by Harvard State Bank, $6,485.00, is the appropriate value for this vehicle.

IT IS, THEREFORE, ORDERED that the value of the Jeep is $6,485.00.  Debtor is entitled to avoid the lien of Harvard State Bank to extent of the $2,400.00 tools of the trade exemption under Neb. Rev. Stat. § 25-1556(4).

DATED:  June 23, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Jerry J. Milner
    Douglas D. DeLair
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.